# Kelly v. Edmundson.

## Contest of Claim of Exemption.

1. *Exemption; order disallowing claim will support an appeal* —There
is no necessary interdependence between a judgment in the original
case and the judgment of condemnation or disallowance in respect of
a claim of exemption to property sought to be condemned un-
der that judgment in the original suit; and where after a judg-
ment by default against a defendant and a judgment *nisi* against
a garnishee, who subsequently answers admitting indebted-
ness, the defendant interposes a claim of exemptions to the money
due from the garnishee to him, and the claim is disallowed and a judg-
ment of condemnation is rendered against the garnishee, an appeal
will lie from the judgment of condemnation, (Code, § 2526), without
regard to the original suit and the judgment therein; it not being
necessary in order to support the appeal that it should be of the en-
tire cause of action.

APPEAL from the Circuit Court of Tuscaloosa.
Tried before the Hon. S. H. SPROTT.

The facts of the case are sufficiently stated in the opinion.

HARGROVE & VANDEGRAAFF, for appellant, cited, Code of 1886, § 2526; *White v. Hobart*, 90 Ala. 368; *Courie v. Goodwin*, 89 Ala. 569.

W. C. FITTS, *contra*.

McCLELLAN, J.—Edmundson sued Kelly on an account before a justice of the peace, and summoned The Standard Coal Co. as garnishee. On the day set for the trial neither the defendant nor the garnishee appeared. Judgment by default for the amount claimed was entered against the defendant, and a judgment *nisi* was entered against the garnishee. The garnishee subsequently appeared and answered an indebtedness equal to the judgment against the defendant, and thereupon the defendant interposed a claim of exemption to the money due from the garnishee to him. This claim was in due form. But the plaintiff objected to the claim, and moved to strike it out on the ground that it was filed too late, his theory being that the judgment *nisi* against the garnishee was a *condemnation* of the debt to the satisfaction of the judgment within the meaning of section 2533 of the Code; and upon this view the claim was stricken out and disallowed, and a judgment condemning the indebtedness was entered against the garnishee. From this judgment of condemnation, the defendant took an appeal to the circuit court. The appeal was there dismissed upon plaintiff's motion on the ground that it was "an attempt to appeal from the action of the justice of the peace in striking from the file and disallowing the claim of exemption attempted to be filed by the defendant in said justice's court, and from the order of condemation of the amount shown to be in the hands of the garnishee, the same not being an appeal of the entire cause of action." And from that judgment of the circuit court the present appeal is prosecuted to this court.

The question here is, not whether the claim of exemption was seasonably exhibited before the justice of the peace, and we do not decide that, though we confess an inability to understand how a judgment *nisi* against a garnishee who may owe nothing and may never be ad-

[Kelly v. Edmundson.]

judged to pay anything, and which is really only intended
either to force the garnishee to an answer or to supply a
predicate for a judgment of condemnation should he con-
tinue in default, can be said to be a judgment of con-
demnation of funds in his hands.    But the question be-
fore us now is whether an  appeal lay  from the justice's
judgment of condemnation, considered separately and
apart from the original cause, against the defendant and
the judgment therein.   It is worthy of observation in
this connection that  there is no natural or necessary in-
terdependence between the judgment in the main case
and the judgment of condemnation in respect of a claim
of exemption to the thing sought to be condemned.  The
assertion of a right to have the thing exempted proceeds
on the assumption that the defendant owes the debt. He
admits this.   When judgment has passed for it, so far
from questioning it or having a purpose or desire to ap-
peal from and have it annulled, he confessed its correct-
ness.    But, he says, while he owes the debt and while
the judgment is valid and unassailable, yet he is entitled
to have certain property  declared not liable to the satis-
faction of the judgment because exempted to him by the
law of the land.    Why he should be required to contest
this judgment by appeal  or  otherwise  as  a  condition
precedent to the assertion of a right by appeal or other-
wise to have property exempted from its operation when
the very occasion and necessity for the assertion of the
right results from the admitted existence and validity of
the judgment—why in claiming an exemption from the
judgment which he admits and which has driven him to
the claim, he should  be required  to deny the judgment
and to destroy it, in  cases like this, by appealing from
it—is not readily conceivable.   And then it might well
be that the time within which an appeal may be taken
from the judgment in the  main suit has passed before
there is any occasion for the defendant to assert his ex-
emptions in respect of money in the hands of the gar-
nishee ; and in such case, if he must appeal from both
judgments or neither, he would lose the favored right of
exemption entirely, merely because he did not appeal
from the original judgment against which, or the cause
upon which it was entered, he had no defense.   These
considerations show that there is no reason whatever in
favor of, and many reasons against, requiring a defend-

[Kelly v. Edmundson.]

ant, desiring, having the right and intending only to claim effects in the hands of a garnishee as not subject to a judgment against him, to appeal, when he thinks there has been a wrongful disallowance of his claim and condemnation of the money to the judgment, both from the judgment and the order of condemnation. And it was doubtless upon these manifest considerations that it is provided in section 2526 of the Code that in all cases of a contested claim of exemption "both parties shall be entitled to the same right of objection, exception and of *appeal*, as in other cases." But it is said this statute can not help the appellant, because there was no contest of the claim of exemption which the defendant attempted to assert in the justice's court. The claim was filed there; and it was in all respects regular and formal, and it was dismissed and disallowed. But there was no contest such as the statutes provide for : it was to the contrary disallowed by the justice—erroneously if you please—because not filed in time. And hence the argument is, that the defendant is without remedy by appeal because the claim was not disallowed on its merits—on a contest strictly speaking. We think this view entirely too technical. There was a contest in the broader sense The defendant propounded his claim. He asserted in the time, manner and form required by the statute that the money in the hands of the garnishee was not subject to plaintiff's judgment. The plaintiff asserted that the defendant was not then entitled to have it exempted from that judgment. This was the issue : it was a contestation of the right of exemption as then and there asserted, and for all time in relation to that judgment. And the justice adjudged that the defendant was not entitled to the exemption, and condemned the property to its satisfaction. The statute gives an appeal "as in other cases" And it might as well be said that an appeal would not lie from a judgment of a justice dismissing an action of detinue on the erroneous conclusion that the complaint showed the suit was not brought within the statute of limitations, as that no appeal lies here from this judgment of condemnation.

The court erred, we think, in dismissing the appeal ; and its judgment must be reversed. The cause is remanded.

Reversed and remanded.